IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01729-PAB-MEH

CHRISTINA HERNANDEZ,

      Plaintiff,

v.

ASSET ACCEPTANCE, LLC, a Delaware limited liability company,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 17]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

On July 1, 2011, plaintiff filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") [Docket No. 1]. According to the complaint, defendant communicated information concerning plaintiff's debt to Experian, a credit reporting agency. Docket No. 1 at 7-10. Plaintiff contends defendant knowingly failed to advise Experian that the debt was in dispute, thereby violating the Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692a–1692f. In relief, plaintiff seeks statutory damages available under the FDCPA as well as reasonable attorney's fees and costs. Docket No. 16 at 4; Docket No. 17-2 at 2.

On July 22, 2011, defendant tendered an Offer of Judgment pursuant to Fed. R. Civ. P. 68 (the "Offer") in the amount of $1,251.00 as well as "Plaintiff's costs and reasonable attorneys' fees now accrued." Docket No. 17-1 at 1. The Offer stated that, if it was not accepted within 14 days, the Offer was withdrawn. *Id*. at 2. Plaintiff did not accept the Offer within the fourteen days provided by statute. Docket No. 17 at 2; Fed. R. Civ. P. 68(a). On August 8, 2011, plaintiff requested that defendant issue another Rule 68 offer without the "now accrued" limitation. Docket No. 18 at 13. Defendant refused. Docket No. 18-1 at 2. Instead, defendant filed a motion to dismiss plaintiff's FDCPA claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Docket No. 17].

## II.  ARGUMENTS

Defendant asserts that plaintiff's complaint should be dismissed because the Offer fully satisfied plaintiff's claim and, as a result, there is no longer a "case or controversy" under Article III of the Constitution. Docket No. 17 at 2. Under the FDCPA, statutory damages for a successful plaintiff are limited to a maximum of $1000.00, plus "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(2)(A), (3). Defendant claims that, by offering plaintiff $1,251.00 plus costs and reasonable attorney's fees, defendant's Offer exceeds the maximum plaintiff could recover if plaintiff prevailed at trial. Docket No. 17 at 2. Since plaintiff rejected an offer in excess of the relief sought, defendant argues that plaintiff no longer has a cognizable legal interest in the outcome of the case. *Id*.

Without a legal interest, defendant argues that there is no case or controversy and the case should be dismissed as moot and judgment should enter in favor of defendant.  *Id*.

Plaintiff responds that defendant's Offer did not tender complete relief in that it limited attorney's fees to those accrued through the date of the Offer.  Docket No. 18 at 1-3.  Plaintiff states that this limitation provides less than complete relief because, if plaintiff accepted the Offer, she could not recover "attorney's fees expended for work performed after receipt of the Offer of Judgment including discussing the Offer of Judgment with the client, filing the Notice of Acceptance of the Offer of Judgment with the Court, conferring with opposing counsel on taxable costs and preparing and filing the proposed Taxation of Costs with the Court, conferring with opposing counsel and preparing and filing the Motion for Attorney Fees with the Court or for efforts taken to collect the judgment and/or for any work done on appeal."  *Id*. at 11-12.

## III.  STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if a court lacks subject-matter jurisdiction over claims for relief asserted in the complaint.  Fed. R. Civ. P. 12(b)(1).  The Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  When resolving a facial attack on the allegations of subject-matter jurisdiction, the Court "must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th

3

Cir. 1995).  To the extent defendant attacks the factual basis for subject-matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).  "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."  *Id*.  Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008).

Defendant has attached evidence to support its motion to dismiss.  The motion therefore presents a factual attack on the Court's subject-matter jurisdiction and no presumptive truthfulness attaches to plaintiff's allegations.  *La Plata Cnty.*, 126 F.3d at 1275.  Because the proffered evidence is uncontested, however, there are no disputed facts to resolve.

## IV.  ANALYSIS

Rule 68 of the Federal Rules of Civil Procedure states, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If a plaintiff rejects a Rule 68 offer, he must pay costs incurred after the offer was made if the amount awarded at trial is less than the offer.  Fed. R. Civ. P. 68(c).  As explained by the Supreme Court, the "purpose of Rule 68 is to encourage settlement and avoid litigation."  *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

Defendant argues that Rule 68 offers do not need to include attorney's fees expended after the tender of the offer.  Defendant asserts that its Offer, which restricted attorney's fees to those "now accrued," Docket No. 17 at 8, is similar to the "costs then accrued" limitation found in Rule 68.  Fed. R. Civ. P. 68(a).  However, defendant's reliance on Rule 68's language is misplaced.  The Supreme Court has held that, by not defining the term "costs" in Rule 68, the drafters "intended to refer to all costs properly awardable under the relevant substantive statute or other authority."  *Marek*, 473 U.S. at 9.  "Rule 68 does not come with a definition of costs; rather, it incorporates the definition of costs that otherwise applies to the case."  *Id.* at n.2.  In *Marek,* the Court held that attorney's fees were recoverable under 42 U.S.C. § 1988, which expressly allows recovery of "attorney's fees as part of the costs."  *Id*.

Under the FDCPA, a plaintiff is entitled to recover attorney's fees, but the statute does not state that attorney's fees are part of costs.  Instead, a defendant who violates the FDCPA is liable for the "costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  Because the statute separates "costs" from attorney's fees, Rule 68 provides no temporal limitation on recoverable attorney's fees in FDCPA cases.  *Queen v. Nationwide Credit, Inc.*, 2010 WL 4006676, at *3 (N.D. Ill. Oct. 7, 2010).  Consequently, under the FDCPA, a Rule 68 offer may include attorney's fees expended after the tender of the offer, so long as the Court finds that they are reasonable.  *See* 15 U.S.C. § 1692k(a)(3).

Defendant argues that its Offer in excess of the maximum statutory damages, plus costs and reasonable attorney's fees *accrued as of the date of the offer,* affords

5

plaintiff complete relief.  Defendant claims that such an offer moots plaintiff's FDCPA

claim.  In general, courts agree that a Rule 68 offer moots a case if it affords a plaintiff

complete relief; however, they disagree as to what constitutes complete

relief.  *See Sandoz v. Cingular Wireless, LLC,* 553 F.3d 913, 915 (5th Cir. 2008) ("FLSA

claim becomes moot when [plaintiff] receives an offer that would satisfy his or her

individual claim"); *accord Lomas v. Emergency Medical Billing, LLC*, 2008 WL 4056789,

*2 (D. Utah Aug. 25, 2008) (finding that a Rule 68 offer in excess of maximum statutory

damages plus costs and reasonable attorney's fees through the date of the offer was

enough to "satisfy Plaintiff's [FDCPA] claim"); *but see Andrews v. Professional Bureau*

*of Collections of Maryland, Inc.*, 270 F.R.D. 205, 208 (M.D. Pa. 2010) (finding that a

Rule 68 offer in excess of maximum statutory damages plus costs and reasonable

attorney's fees "now accrued" was not complete relief under FDCPA).  The Tenth

Circuit has yet to address this issue.  *See Lucero v. Bureau of Collection Recovery,*

*Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("[w]hile [the Tenth Circuit has] yet to

address the question squarely, other circuits have concluded that if a defendant makes

an offer of judgment in complete satisfaction of a plaintiff's claims . . . the plaintiff's

claims are rendered moot").

For an offer to constitute complete relief, it must afford plaintiff everything that

was requested in the complaint.  *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326,

341 (1980) ("Acceptance [of defendant's offer] need not be mandated under our

precedents since the defendant has not offered all that has been requested in the

complaint") (Rehnquist, J. concurring).  Here, plaintiff seeks statutory damages as well

6

as reasonable attorney's fees and costs pursuant to the FDCPA.  Docket No. 1 at 12.

Defendant asserts that any attorney's fees expended after the tender of a Rule 68 offer

only benefit plaintiff's counsel and encourage plaintiff's counsel to amass attorney's

fees even if they are detrimental to his client's interest.  Docket No. 17 at 12.  However,

it is well-established that the fees available under a fee-shifting statute are part of a

plaintiff's recovery and are not dependent upon any explicit fee arrangements between

plaintiff and her attorney.  *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003);

*J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1119 (10th Cir. 2009) (noting that

fee-shifting statutes "were not designed as a form of economic relief to improve the

financial lot of attorneys . . . the aim of such statutes was to enable private parties to

obtain legal help") (citations omitted).  Moreover, defendant's argument is inconsistent

with the purpose of the FDCPA, which makes an award of attorney's fees mandatory

and assumes a "private attorney general approach" for its enforcement.  *See Camacho

v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  Because attorney's

fees are a part of plaintiff's recovery–and not for sole benefit of plaintiff's counsel–a

complete offer must include all "reasonable" attorney's fees.  15 U.S.C. § 1692k(a)(3).

Therefore, the only question left before the Court is whether, under the FDCPA,

reasonable attorney's fees include those fees expended *after* the Rule 68 offer.

The Court finds that complete relief under the FDCPA includes attorney's fees

expended after the receipt of a Rule 68 offer.  These fees are justified because it is not

unreasonable for counsel to continue to accrue limited fees after an offer of judgment,

including those associated with litigation of a fee motion.  *Andrews*, 270 F.R.D. at 208.

"[I]It would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho*, 523 F.3d at 981.  Thus, although the time involved in preparing a motion for attorney's fees is likely minimal, the Court must nonetheless "take this expense into consideration to determine whether the Offer fully satisfied Plaintiff's claims and costs." *McKenna v. Nat'l Action Financial Servs., Inc.,* 2008 WL 2389016, at *1 (S.D. Fla. June 10, 2008).  Consequently, because defendant's Offer did not include attorney's fees for post-offer fee collection activities, defendant's Offer does not provide plaintiff with complete relief.

Finally, defendant argues that it is inappropriate for the Court to maintain jurisdiction over this case if the only issue remaining is a hypothetical dispute over attorney's fees.  Defendant argues that, even if attorney's fees belong to plaintiff, an interest in attorney's fees is insufficient to create a "case or controversy."  Docket No. 20 at 7.  However, a case is only moot when the parties lack a legally cognizable interest in the outcome.  *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003).  Because defendant's Offer did not provide plaintiff with attorney's fees to prepare a fee petition, plaintiff was not offered all that she could hope to recover from this action.  *See Roper*, 445 U.S. at 341; *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (finding that a case is moot if plaintiff has been offered all that he could hope to recover).  Therefore, plaintiff retains a legally cognizable interest in attorney's fees.  While nothing prevents plaintiff from bargaining away her rights to post-offer attorney's fees, her

refusal to do so does not render this action moot.  Consequently, plaintiff's FDCPA claim is not moot and subject-matter jurisdiction continues over this matter.[1]

## V.  CONCLUSION

Accordingly, it is

**ORDERED** that Defendant's Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 17] is **DENIED**.

DATED February 13, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This Order is consistent with two other decisions from this district: *Halliburton v. United Collection Bureau, Inc.*, No. 11-cv-00074-RPM-MJW [Docket No. 33]; *Dolfin v. United Collection Bureau, Inc.,* No. 11-cv-00328-JLK-MEH [Docket No. 19].