IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01729-PAB-MEH

CHRISTINA HERNANDEZ,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC, a Delaware limited liability company,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the Motion for Review of Taxation of Costs [Docket No. 66] filed by defendant Asset Acceptance, LLC.  On September 10 and 11, 2012, the Court presided over a two-day jury trial on plaintiff Christina Hernandez's claim that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  The jury returned a verdict in favor of defendant on plaintiff's claim.  Docket No. 62-1.  On September 21, 2012, judgment entered and defendant was awarded its costs.  Docket No. 63.

    On October 4, 2012, defendant filed its proposed Bill of Costs [Docket No. 64]. The Clerk of the Court allowed certain costs in favor of defendant in the amount of $439.92.  Docket No. 65.  On October 23, 2012, defendant filed the present motion challenging the taxation of those costs, arguing that the Clerk of the Court should have taxed an additional $607.15 in its favor.  Defendant requests that the Court review the Clerk's award of costs and tax the full amount of costs for the January 5, 2012

deposition transcript and DVDs of Kenneth Proctor, Asset Acceptance, LLC's company representative.

Section 1920 of Title 28 of the United States Code governs what costs are taxable under Fed. R. Civ. P. 54(d)(1). "[P]rinted or electronically recorded transcripts necessarily obtained for use in the case" are taxable as costs. 28 U.S.C. § 1920(2). When a "deposition was reasonably necessary to the litigation, the resulting costs are generally allowable." *Karsian v. Inter-Regional Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998) (citations omitted). However, if the deposition was taken "simply for discovery purposes, then costs are not recoverable." *Id*. Reasonableness must be based on the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *In re Williams Sec. Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

Defendant argues that the Proctor deposition transcript and the DVDs were reasonably necessary because Mr. Proctor was disclosed as a witness in both parties' Final Witness Lists [Docket Nos. 49, 52]. Defendant also claims that it was reasonable to purchase the transcript and the DVDs to file dispositive motions and to prepare Mr. Proctor for trial. Docket No. 66 at 3.

In response, plaintiff contends that defendants should not recover the cost of the deposition transcript because defendants ordered the transcript in January 2012 even though the trial was scheduled for September 2012. Docket No. 67 at 2-3. In addition, plaintiff appears to argue that defendant is not entitled to costs because plaintiff, rather than defendant, took Mr. Proctor's deposition. *Id*. at 2. Moreover, plaintiff requests

that, if defendant's motion is granted, the Court reduce the costs taxed for the DVDs by 50%.

Defendant ordered the transcript of Mr. Proctor's deposition in anticipation of dispositive motions.  Docket No. 68 at 3.  Given that the dispositive motions deadline was approximately thirty days after Mr. Proctors' deposition, the Court finds that ordering the transcript of Mr. Proctor's deposition was reasonably necessary for use in this case.  *See Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("if materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs").  In addition, it was reasonable for defendant to purchase the DVDs of the deposition because Mr. Proctor was listed on both parties' final witness lists.[1]  The fact that the DVDs were not used during Mr. Proctor's trial testimony does not make their purchase any less necessary.  *See Callicrate*, 139 F.3d at 1340 (deposition transcripts may be taxed if they were "not frivolous" and were "within the bounds of vigorous advocacy" because "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation").  Moreover, the fact that plaintiff took Mr. Proctor's deposition rather than defendant gave defendant even more reason to order the transcript and DVDs.

---

[1] Defendant alleges that it did not order two copies of the DVD, but rather the DVD of Mr. Proctor's deposition consists of two discs.  Docket No. 68 at 2.

Based on the foregoing, the Court finds that Mr. Proctor's January 5, 2012 deposition transcript and the DVDs of the deposition were reasonably necessary for the prosecution of this case. Therefore, the Court will award defendant $607.15 in costs.

Accordingly, it is

**ORDERED** that Defendant's Motion for Review of Taxation of Costs [Docket No. 66] is **GRANTED**. Additional costs shall be taxed in favor of defendant and against plaintiff in the amount of $607.15.

DATED April 29, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge